UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60061-BLOOM/Valle

DAVID MALDONADO,

    Petitioner,

v.

JULIE L. Jones, Secretary,
Florida Department of Corrections,

    Respondent.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Petitioner David Maldonado's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. [1] ("Petition") and accompanying Memorandum in Support of the Petition, ECF No. [3] ("Memorandum"). Respondent filed a Response in Opposition, ECF No. [6] ("Response"), to which Petitioner filed a Reply, ECF No. [15] ("Reply"). On May 1, 2020, Magistrate Judge Valle issued a Report and Recommendation recommending that the Petition be denied and that a Certificate of Appealability be denied. ECF No. [16] ("R&R"). Petitioner timely filed Objections to the R&R, ECF No. [22] ("Objections"),[1] to which Respondent filed a Response, ECF No. [23] ("Response to Objections").

The Court has conducted a *de novo* review of the portions of the R&R to which Movant has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and the remainder of the R&R for clear error. *Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)). The Court has considered the

---

[1] Objections to the R&R were originally due by May 15, 2020. However, the Court granted Petitioner two extensions and set the final deadline to object by July 20, 2020. ECF Nos. [19] and [21]. Petitioner filed the Objections on July 17, 2020.

Case No. 18-cv-60061-BLOOM/Valle

Petition, the Memorandum, the Response, the Reply, the R&R, the Objections, the Response to Objections, the record in this case, the applicable law, and is otherwise fully advised.

Petitioner objects to the "entirety" of the R&R, "including, but not limited to, the findings, conclusions, and recommendations" set forth in it. ECF No. [22] at 27. In particular, Petitioner objects to the determination that (i) Claims I, II, III, and VI are unexhausted, procedurally defaulted, and insufficient on the merits; (ii) Claim IV is insufficient on the merits under *Strickland v. Washington*, 466 U.S. 668 (1984); (iii) Claim V is insufficient on the merits under *Strickland*; and (iv) that the Magistrate recommended that no certificate of appealability issue.

Upon review, the Court finds Judge Valle's R&R to be well reasoned and correct, and the Court agrees with the analysis in Judge Valle's R&R. The Objections are improper because they largely expand upon and reframe arguments already made and considered by the Magistrate Judge in her R&R, or simply disagree with the R&R's conclusions. Indeed, the majority of Petitioner's Objections are verbatim portions of his underlying briefs. *See, e.g.*, ECF No. [22] at 19-27 (inserting with minimal alterations the contents from ECF No. [15] at 15-22). "It is improper for an objecting party to . . . submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report and Recommendations]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

In any event, the Court finds the Objections to be unconvincing. As explained in the R&R, Claims I, II, and III were raised for the first time on appeal of Petitioner's amended Rule 3.850 motion, and those claims were not properly exhausted. ECF No. [16] at 9-11. Petitioner has failed to present evidence related to "cause and prejudice" to overcome the procedural default associated

with these unexhausted claims. Further, Petitioner's challenge to the procedural default is itself untimely and not properly asserted because it was raised for the first time in his Reply.

Regarding Claims IV and V, Petitioner does not demonstrate how his counsel's alleged failings constitute a violation of either *Strickland* prong. Additionally, contrary to Petitioner's assertion as to Claim IV, it is not "obvious that the expert witnesses would not have been listed by counsel if they were not going to testify" in the manner Petitioner asserts. ECF No. [22] at 13. As Judge Valle explained, Petitioner has not shown that any expert would have *actually* testified to the theories Petitioner raises. ECF No. [16] at 17-18 (noting that "[m]ere speculation that missing witnesses might have provided helpful testimony is insufficient to establish that counsel's decision not to call these witnesses was deficient"). Further, as noted in the R&R, counsel's strategic decision not to call the witnesses at issue enabled Petitioner to argue that the State failed to prove beyond a reasonable doubt that it was a bullet from Petitioner's gun that struck Deputy Hernandez.

Finally, Claim VI is both procedurally barred and substantively lacking. On a procedural basis, Petitioner did not challenge the purported state court evidentiary errors on federal constitutional grounds. "If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 366 (1995). As such, Claim VI is unexhausted and Petitioner fails to establish "cause and prejudice" to overcome his procedural default. But even if he had exhausted his state court remedies, he fails to show how the state court's evidentiary rulings "so infused the trial with unfairness as to deny due process of law." *Lisenba v. California*, 314 U.S. 219, 228 (1941). To be clear, the record reflects a "mountain of inculpatory evidence" against Petitioner, ECF No. [16] (summarizing key evidence). Thus, even if the state court had erred in admitting evidence contradicting Petitioner's statement about being a former Marine, or owning a second gun, or owning target practice

silhouettes, the alleged errors, in light of the overwhelming body of evidence against Petitioner, did not deprive Petitioner of a fair trial. *Shaw v. Boney*, 695 F.2d 528, 530 (11th Cir. 1983) ("A state evidentiary violation in and of itself does not support habeas corpus relief. Before such relief may be granted, the violation must rise to the level of a denial of 'fundamental fairness.' In the context of state evidentiary rulings, the established standard of fundamental fairness is that habeas relief will be granted only if the state trial error was 'material in the sense of a crucial, critical, highly significant factor.' Moreover, application of this standard has been notably one-sided, consistent with the reluctance of federal courts to second-guess state evidentiary rulings.") (internal citations omitted). Claim VI, therefore, is unavailing on the merits.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Valle's R&R, **ECF No. [16]**, is **ADOPTED**;
2. Petitioner's Objections, **ECF No. [22]**, are **OVERRULED**;
3. The Petition, **ECF No. [1]**, is **DENIED**;
4. No Certificate of Appealability shall issue;
5. To the extent not otherwise disposed of, any scheduled hearing are **CANCELED**, all pending motions are **DENIED** as moot, all deadlines are **TERMINATED**; and
6. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 11, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

5